United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Deylin Sinar Zeron-Castro, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-6970 |
| | § | |
| Grant Dickey, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DISMISSING PETITION**

Before the Court is Deylin Sinar Zeron-Castro's third Petition in this Court for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. Doc. 1. Petitioner previously filed two petitions for a writ of *habeas corpus*, both of which were dismissed with prejudice. *See Zeron Castro v. Dickey*, 4:26-cv-2026 (S.D. Tex. July 14, 2026); *Zeron Castro v. Dickey*, 4:26-cv-5846 (S.D. Tex. July 23, 2026).

A review of the pleadings does not reflect a material change in circumstances such that this Petition presents a new claim that could not have been presented in the prior petitions. Here, Petitioner asserts the same due process claims on which he previously sought habeas relief from immigration detention. He contends that he raises new due process claims because he has been detained for a longer period than when he filed his prior petitions. *See* Doc. 1 at 7–8. However, in its previous dismissal of Petitioner's due process claims, this Court reasoned that "for aliens such as Petitioner, pre-removal order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process." *Zeron Castro*, 4:26-cv-2026, Doc. 13 at 2 (citing

*Campos Bernal v. Frink*, 4:26-cv 2239, Doc. 10 at 7, 10 (S.D. Tex. June 23, 2026)). Furthermore, the Honorable Charles Eskridge likewise dismissed Petitioner's due process claims as foreclosed by prior holdings that pre-removal-order detention under 8 U.S.C. § 1225(b)(2)(A) does not violate substantive or procedural due process. *See Zeron Castro v. Dickey*, 4:26-cv-5846, Doc. 6 at 2–3 (S.D. Tex. July 23, 2026). As such, Petitioner's assertion that his continued pre-removal-order detention violates due process is plainly foreclosed by the above-cited orders dismissing his prior petitions with prejudice.

Therefore, this case is DISMISSED WITH PREJUDICE for the same reasons set forth by this Court in *Zeron Castro v. Dickey*, 4:26-cv-2026 (S.D. Tex. July 14, 2026) and the Honorable Charles Eskridge in *Zeron Castro v. Dickey*, 4:26-cv-5846 (S.D. Tex. July 23, 2026).

Counsel for Petitioner is CAUTIONED that filing another petition on behalf of this Petitioner without articulating any new factual or legal grounds supporting relief may be grounds for the imposition of sanctions for abuse of the writ. Accordingly, Petitioner is ORDERED to attach a copy of this Order as an exhibit to any subsequently filed petition for a writ of *habeas corpus* that seeks relief from his present immigration detention.

All pending motions are DENIED AS MOOT. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

The Clerk shall provide a copy of this Order to the parties.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 22nd of October, 2026.

Nicholas J. Ganjei
United States District Judge